UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Global Traffic Technologies, LLC,

      Plaintiff,

                                MEMORANDUM OPINION
                                    AND ORDER
                         Civil No. 05-756 (MJD/AJB)

Tomar Electronics, Inc.

      Defendant.

_____

      David J. F. Gross, James W. Poradek, Chad Drown and Timothy E. Grimsrud, Faegre & Benson LLP, for and on behalf of Plaintiff.

      Thomas G. Watkins, III[1], Henningson & Snoxell, Ltd. for and on behalf of Defendant.

_____

      This matter is before the Court on Defendant Tomar Electronics, Inc.'s ("Tomar")

Motion for Summary Judgment, and Plaintiff's[2] Motion for Sanctions.


Background

      U.S. Patent No. 5,172,113 ("the '113 patent") describes a traffic signal preemption

system and method.  By Order dated April 20, 2007, this Court construed disputed claims in

---

      [1]Following the submission of the instant motions, Mr. Watkins was disbarred and is no longer counsel of record in this case.

      [2]At the time the motion for sanctions was filed, Global Traffic had not been substituted as Plaintiff, and the motion was brought by 3M Innovative Properties and 3M Company.  In conjunction with its motion for sanctions, Plaintiff also filed a motion for leave to file a dispositive sanctions motion.

the '113 patent.  Tomar thereafter filed its motion for summary judgment.

In response to Tomar's motion, Plaintiff filed an opposition brief, and a  motion for sanctions.  It is Plaintiff's contention that in filing the motion for summary judgment, Tomar violated numerous court orders, such as filing a new expert report without prior court approval.  Given Tomar's history of sanctionable conduct in this case, Plaintiff asks that the Court strike Tomar's pleadings and enter default judgment in its favor.

Tomar's Prior Sanctionable Conduct

Throughout the history of this case, Tomar has engaged in a clear pattern and practice of violating court orders.  In fact, Tomar has already been sanctioned on four separate occasions.  In an Order and Report and Recommendation dated July 21, 2006 [Doc. No. 72] the Magistrate Judge recommended a number of sanctions based on the following conduct by Tomar: willfully providing false and misleading discovery responses; failing to conduct a reasonable inquiry or investigation for information responsive to discovery requests; failing to comply with the February 10, 2006 Discovery Order; failing to instigate a litigation hold on relevant documents; destroying relevant and discoverable documents; Tomar's Scott Sikora acting inappropriately at depositions; and Tomar's counsel, Thomas Watkins, acting inappropriately during depositions.  The following sanctions were imposed: directing that factual findings against Tomar's interests be made, ordering that certain jury instructions against Tomar's interests be given at trial, banning Sikora from further depositions, granting Plaintiff additional discovery, and ordering Tomar to pay Plaintiff attorney's fees and costs associated with Plaintiff's motion for sanctions.  See Order

affirming Report and Recommendation, dated September 18, 2006 [Doc. 99].

By a separate Order also dated July 21, 2006 [Doc. No. 73], Tomar was found to have violated the Pretrial Scheduling Order ("PSO") [Doc. No. 14] by submitting a prior art statement that was not in compliance with the court's instructions.  The Magistrate Judge ordered that reference to the Henshel, Frick, Smith, Klein, Morgan, Stopa and Montgomery patents be stricken, and that Tomar be limited to presenting only the prior art and assertions listed in the June 15, 2006 Prior Art Statement.   In addition, Tomar was again directed to pay Plaintiff's attorney's fees and costs associated with Plaintiff's motion to strike.

A few months later, the Magistrate Judge denied Tomar's motion to amend its prior art statement because Tomar did not demonstrate that the new prior art could not be located previously, was not cumulative and would not prejudice Plaintiff.  Order dated November 2, 2006 [Doc. No. 121].   The court furthered ordered that any reference to the untimely prior art references be stricken.  Id.

Just three months later, the Magistrate Judge again found Tomar to have violated the PSO by submitting an untimely supplemental expert report on damages.  See Order dated February 6, 2007 [Doc. No. 145].  The court specifically found that Tomar failed to establish good cause for not meeting the deadline, finding the timing of the disclosure "highly suspicious."  In addition, the court held that "Tomar's failure to comply with the rules has required both the Court and [Plaintiff] to unnecessarily spend significant resources and time addressing Tomar's conduct."  Id.   The court recommended that the supplemental expert report be stricken.

In affirming the February 6, 2007 Order, this Court found that Tomar had engaged in a pattern and practice of violating Court Orders and the Federal Rules of Civil Procedure. See Order dated March 28, 2007 [Doc. No. 152]. Given this pattern and practice, the Court informed Tomar it would not tolerate further violations and put Tomar on notice that further violations would result in severe sanctions. Id. The supplemental expert report on damages was stricken and Tomar was ordered to pay Plaintiff $10,000 in attorney's fees. Id.

Allegations of Current Sanctionable Conduct

Tomar has moved for summary judgment on four grounds: 1) that independent claims 22 and 38 of the '113 patent are invalid under §102 as anticipated by the Munkberg patent, either expressly or under the doctrine of inherency; 2) that dependent claims 23-26 and 39 are invalid as obvious under § 103 in view of Munkberg and in view of general knowledge possessed by persons of ordinary skill in the art well before 1990; 3) that the accused products do not infringe any asserted claims of the '113 patent, either literally or under the doctrine of equivalents; and 4) that as a matter of law based upon the patent exhaustion or first sale doctrine, hybrid systems involving a mixture of a Tomar emitter with a Plaintiff detector and phase selector or a Plaintiff emitter with a Tomar detector and phase selector are immune from a claim of infringement by Plaintiff, and as a result cannot infringe any claim of the '113 patent.

It is Plaintiff's position that the bases for Tomar's summary judgment motion involve theories of invalidity and noninfringement that had not been disclosed previously, either in Tomar's responses to discovery requests or in Tomar's Prior Art Statement. In addition,

Tomar has submitted an expert report to support these new theories, without prior approval of the Court.

1. Section 102 - Anticipation

Tomar first asserts that the '113 patent is invalid as anticipated pursuant to 35 U.S.C. §102. This doctrine recognizes that a functional limitation asserted to establish novelty in the claimed subject matter may, in fact, be an inherent characteristic of the prior art. In re Schreiber, 128 F.3d 1473, 1478 (Fed. Cir. 1997) (quoting In re Swinehart, 439 F.2d 212, 213 (CCPA 1971)).   It is not necessary that a person of ordinary skill in the art would have recognized the inherent disclosure. Schering Corp. v. Geneva Pharm., Inc., 339 F.3d 1373, 1377 (Fed. Cir. 2003). "In general, a limitation or the entire invention is inherent and in the public domain if it is the 'natural result flowing from' the explicit disclosure in the prior art." Id. at 1379. Further, "[a]nticipation does not require the actual creation or reduction to practice of the prior art subject matter; anticipation requires only an enabling disclosure." Id. at 1380.

In its summary judgment motion, Tomar argues that the Munkberg patent anticipates claims 22 and 38 of the '113 patent. Claim 22 recites three structural elements: 1) an emitter; 2) a detector; and 3) a phase selector. Tomar argues these same three elements represent the three basic components of the prior art preemption systems, including Munkberg. While Plaintiff takes the position that the '113 patent and the Munkberg patent differ in that Munkberg did not include an identification code, Tomar asserts that the Munkberg system, either expressly or inherently, includes data in the form of an identification code.

5

Finally, Tomar asserts that claim 38 is a method claim for uniquely identifying an emitter in a traffic control system, and that this claim is similarly anticipated because it merely recites steps inherent in the prior art, as Munkberg recites an emitter which transmits a signal.

Plaintiff asserts that this anticipation defense was never disclosed by Tomar prior to the filing of its summary judgment motion. Pursuant to the February 10, 2006 Discovery Order, Tomar was ordered to fully answer Plaintiff's Interrogatory Nos. 13-14. Plaintiff's Interrogatory No. 13 requested that Tomar "[s]tate fully and with particularity all facts and reasons" supporting Tomar's asserted invalidity defenses. In response to the February 10, 2006 Discovery Order, Tomar submitted the following:

> As to invalidity of any and all claims of the Hamer '113 patent allegedly infringed by Tomar STROBECOM II System, all such asserted claims if infringed by the Tomar STROBECOM II, would necessarily read on the system disclosed in U.S. Patent No. 5,159,480 to Gordon which represents prior art to the Hamer patent. . . . The expired Munkberg patent is also relevant to this case.

Ex. 12.

In addition, pursuant to the PSO, Tomar was directed to:

> serve on Plaintiff a list of all of the prior art on which it relies, **and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff**. ("Defendant Prior Art Statement"). Prior art identified under 35 USC § 102 shall include the applicable subsections(s) (i.e. §§ 102(a) - 102(g)) and explain in detail why and how the subsection applies. If Defendant alleges that a combination of prior art items render a claim obvious, Defendant shall identify each combination of prior art and the motivation to combine the items.

Tomar submitted its Prior Art Statement to Plaintiff on June 15, 2006. [Doc. No. 55].

In that statement, Tomar noted:

6

The only difference between Hamer patent Claims 1 and 22 (as interpreted by [Plaintiff]) and the teachings of the prior art Munkberg patents relate to the incorporation within the transmitted signal of what is variously referred to as "data pulses" or an identification code or some other corresponding informational.

Were the frequency of the optical signal and the modulation scheme taught by Gordon to be implemented as taught by Munkberg, the resulting transmitted signal (as interpreted by [Plaintiff]) would include both a preemption request and an identification code.

Where Gordon taken alone represents anticipatory prior art or whether Gordon is combined with the teachings of Munkberg to render Hamer's claimed invention obvious, all of the asserted claims of the Hamer patent would be invalid.

Id., p. 3-4. As indicated above, Tomar's previous theory concerning invalidity based on anticipation was based on the Gordon patent. No mention is made in the Prior Art Statement of Tomar's current theory that claim 22 of the '113 patent is anticipated by Munkberg because Munkberg's preferred embodiment discloses two different or changed sequences of time intervals.

Not only does the Prior Art Statement fail to support Tomar's current anticipation argument, nothing in Tomar's previous discovery responses support such position[3]. A vague reference to prior art is not sufficient to comply with the requirements of the PSO to provide "a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff." The Court further notes that Tomar, prior to summary judgment, did not submit an expert report as to invalidity.

---

[3]Tomar places much emphasis on its "Defense Book", submitted as Ex. 1 to Tomar's Opposition to the Sanction Motion. This document, however, was submitted for settlement purposes only. See Ex. 1, p. 1. Because nothing contained in this exhibit was included in Tomar's Prior Art Statement, it was reasonable for Plaintiff to infer from such omission that Tomar would not assert the theories contained in said exhibit at summary judgment or trial.

The Court also rejects Tomar's assertion that it could not form its anticipation defense until after the Court issued its Markman Order.  In his July 21, 2006 Order [Doc. No. 73], the Magistrate Judge rejected a similar argument on the basis that Tomar did not raise the issue at the pretrial conference, and did not object to the deadline for the Prior Art Statement.[4]  By not appealing the deadlines set forth in the PSO, Tomar has waived the right to challenge those deadlines.

Irregardless, to allow Tomar, in its motion for summary judgment, to assert theories and opinions never before asserted during the course of this litigation is unduly prejudicial to Plaintiff, and renders the court's scheduling orders meaningless.  Accordingly, the Court finds that Tomar did not properly disclose its invalidity based on anticipation defense, and may not rely on such argument in its motion for summary judgment.

2.  Section 103 - Obviousness

Tomar also argues it is entitled to summary judgment because the '113 patent is invalid as obvious.  A patent may be invalidated as obvious "if the difference between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."  35 U.S.C.  § 103 (a).

In its motion for summary judgment, Tomar argues that the '113 patent is invalid as obvious.  In support, Tomar has submitted a declaration from Scott Sikora in which he explains how the claims of the '113 patent are obvious.  Sikora Decl. ¶¶ 50-58.  For example,

---

[4]The Magistrate Judge further noted that no other party has ever raised the issue that a Prior Art Statement cannot be drafted until the claim construction has been issued.

Sikora states that dependent claim 23 does nothing more than recite functions which are identically performed by Munkberg's discriminator means 18, and that it "was obvious to me and would have been obvious to any other person of ordinary skill in the art as of a date before 1990 that if 'identification code' was not interpreted to mean the interleaved data pulse format the Hamer patent disclosed, all aspects of claim 23 would either be identically present in the Munkberg system or would represent nothing more than an obvious variation of what was disclosed in the Munkberg patent."  Id. ¶ 50.

With respect to dependent claims 24 and 25, Sikora states "before 1990, it would have been obvious to me or to any other person of ordinary skill in the art to add a data storage means and writing incoming data to that data storage means had we desired to convert the hardware based Munkberg signal processing device using discrete discrimination circuits to a system more heavily based on software and microprocessors rather than on hardware."  Id. ¶ 53.  With respect to dependent claim 26, Sikora states that old technology of using a real time clock and writing a time stamp with stored data was obvious to him.  Id. ¶ 56.  Finally, Sikora states that dependent claim 39 was obvious as it recites a method claim of implementing the identical functions of claim 24.  Id.  ¶¶ 57-58.

As with the invalidity theory under § 102, Tomar did not disclose this obviousness theory in its responses to interrogatories or in its Prior Art Statement.  For example, in its Prior Art Statement, Tomar noted that "[w]hether Gordon taken alone represents anticipatory prior art or whether Gordon is combined with the teachings of Munkberg to render Hamer's claimed invention obvious, all of the asserted claims of the Hamer patent

would be invalid." [Doc. No. 55, ps. 3-4].  Again, no mention is made of the Gordon prior

art in Tomar's motion for summary judgment.  Rather, the only prior art referenced is

Munkberg.  <u>See</u> Tomar's Brief in Support of Summary Judgment, ps. 30-33.

In a surprising twist, Tomar evidently dropped the Munkberg and Gordon theories in

favor of a new theory during its presentation to the Court.  Instead of relying solely on the

Munkberg prior art as it did in its written submissions, Tomar argued to the Court that based

on the Klein patent, the microprocessor upgrade to the '113 patent was obvious.  The Klein

patent is not mentioned in Tomar's summary judgment briefs, nor does Scott Sikora discuss

the Klein prior art in his declaration.  Incredibly, the Klein prior art reference was actually

stricken from Tomar's Prior Art Statement by the Order of July 21, 2006 [Doc. No. 73].

Tomar was thus, pursuant to court order, **prohibited** from relying on the Klein prior art to

support its defenses in this case.

In addition to unpersuasively arguing that it has consistently disclosed its this

invalidity theory, Tomar asserts that the decision to file its motion for summary judgment,

and the bases for such motion, were made in response to the United States Supreme Court

opinion in <u>KSR Int'l Co. v. Teleflex Inc. et al.</u>, 127 S.Ct. 1727, 1734 (2007).  According to

Tomar, the <u>KSR</u> decision changed the legal landscape in patent law by overruling the

Teaching/Suggestion/Motivation Test ("TSM Test") relied on by the Federal Circuit to

prove a patent was invalid under  § 103.  Under the TSM Test, a patent is proved invalid as

obvious only when the prior art, the problem's nature, or the knowledge of a person having

ordinary skill in the art reveals some motivation or suggestion to combine the prior art

teachings.   By overruling the TSM Test, the Court substantially expanded the scope of evidence that can be used to prove §103 invalidity.

Tomar thus asserts that the <u>KSR</u> decision impacts this case as follows: 1) the scope of evidence relevant to  § 103 invalidity has been radically broadened, 2) the TSM Test has been nullified, and 3) Tomar's Prior Art Statement must be updated and resubmitted.   By filing the summary judgment motion, Tomar asserts it has complied with its obligation to supplement discovery under Fed. R. Civ. P. 26(e)(2).

First, the Court disagrees with Tomar's position as to the impact of <u>KSR</u> and its application to this case.  In <u>KSR</u>, the Court rejected the Federal Circuit's rigid application of the TSM Test in that particular case.  <u>Id.</u> 127 S.Ct. at 1739.  The Court did so because precedent established an expansive and flexible approach "inconsistent with the way the Court of Appeals applied its TSM Test here".  <u>Id.</u> (citing <u>Graham v. John Deere Co. of Kansas City</u>, 383 U.S. 1, 17-18 (1966)).  "As our precedents make clear,[] the analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ." <u>Id.</u> at 1740.

The Court further noted that when the TSM Test was first developed by the Court of Customs and Patent Appeals, it captured a helpful insight.  <u>Id.</u> at 1741.

> As is clear from cases such as <u>Adams</u>, a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art.  Although common sense directs one to look with care at a patent application that claims as innovation the combination of two known devices according to their establish functions, it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to

combine the elements in the way the claimed new inventions does.  This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known.

Helpful insights, however, need not become rigid and mandatory formulas; and when it is so applied, the TSM Test is incompatible with our precedents.  The obviousness analysis cannot be confined by a formalistic conception of the words teaching, suggestion, and motivation, or by overemphasis on the importance of published articles and the explicit content of issued patents.

Id.  See also, In re Translogic Tech., Inc., __ F.3d __, 2007 WL 2965979, at *7 (Oct. 12, 2007) (recognizing that the Supreme Court set aside the rigid application of the TSM Test and ensured use of customary knowledge as an ingredient in that equation.)  Thus, contrary to Tomar's assertions, the TSM Test is not overruled or nullified.  Rather, courts are cautioned not to rigidly apply the test.  As a result, previous precedent as to obviousness remains good law, to the extent it is consistent with a flexible approach to the TSM Test.

For example, in  Dystar v. C.H. Patrick Co., 464 F.3d 1356, 1365 (Fed. Cir. 2006), the court held:

It is difficult to see how our suggestion test could be seen as rigid and categorical given the myriad cases over several decades in which panels of this court have applied the suggestion test flexibly.  Obviousness is a complicated subject requiring sophisticated analysis, and no single case lays out all facts of the legal test.

Id. at 1367.  The court further held that the suggestion test is quite flexible and "*requires* consideration of common knowledge and common sense."  Id. (emphasis in original).  See also, Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1322 (Fed. Cir. 2005) ("[T]he motivation to combine need not be found in prior art references, but equally can be found in the knowledge generally available to one of ordinary skill in the art.")

Accordingly, the Court rejects Tomar's assertion that its current invalidity theories as to obviousness could not be submitted and relied upon prior to the KSR decision.

Second, the Court rejects Tomar's assertions that it met its obligations to supplement its discovery responses by submitting the Sikora Declaration with its summary judgment motion. Rule 37 (c)(1) specifically provides that if a party fails to supplement under Rule 26(3)(2), that party cannot use "information not so disclosed" in a motion, hearing or at trial. Accordingly, the Court finds that Tomar did not properly disclose its invalidity based on obviousness defense, and may not rely on such argument in its motion for summary judgment.

3. Sikora Declaration

Plaintiff asserts that the Sikora Declaration was also submitted in violation of court orders. Plaintiff argues the Sikora Declaration is, in reality, an expert opinion that was submitted after the deadline for submitting such opinions.

Plaintiff further asserts that by submitting the Sikora Declaration, Tomar violated the Court's February 10, 2006 Discovery Order which required Tomar to fully state its reasons for claiming the '113 patent is invalid. Finally, the Sikora Declaration violates the court's sanction order dated July 14, 2006 [Doc. No. 73], which limited Tomar to presenting only the prior art and assertions Tomar included in its Prior Art Statement. In addition, Plaintiff asserts the Sikora Declaration includes "outright falsehoods." For example, in his declaration, Sikora stated that he formed a series of beliefs about the invalidity of the '113 patent while he was designing the accused Strobecom II in the mid-1990's. Sikora Decl. ¶ ¶

42-58. During his deposition in the summer of 2006, however, Sikora testified that during the 1995 to 1997 time period he "did not focus on invalidity so I really didn't look for devices to invalidate the patent."  Plaintiff Ex. 10; Sikora Dep. p. 613:15-16.

The Court has thoroughly reviewed the Sikora Declaration and finds that such declaration is, in fact, an expert opinion that was submitted in violation of the deadlines set forth in the PSO.  In so finding, the Court rejects Tomar's argument that the Sikora Declaration consists only of statements based on his personal knowledge of the Munkberg patent, and the design of optical preemption and priority systems in general.  The first five paragraphs of the declaration  establish that Sikora is "one of ordinary skill in the art."  As such, his opinions as to invalidity - that certain prior art anticipates claims of the '113 patent or that other claims of the '113 patent are obvious in light of the prior art - are those of an expert witness, not of a fact witness.

Even if not considered an expert opinion, the Court finds that the Sikora Declaration was submitted in violation of previous discovery and sanction orders.  Not only did Sikora discuss new theories as to invalidity, he also included new theories as to noninfringement. For example, relying on the Court's construction of "preemption request," Sikora opined that the accused Strobecom II device does not infringe claim 22 "because it does not transmit light pulses where the repetition rate itself is a request for preemption."  Sikora Decl. ¶¶ 25-32.  During his deposition, however, Sikora testified that he did not apply the claims as construed by Plaintiff (and later adopted by this Court) to the accused device. Sikora Dep. p. 265:10-21.

4.  Standard

Having found that Tomar has violated the Court's Orders once again, the Court must now determine the appropriate sanction.  Pursuant to Rule 37 (b)(2)(c) of the Federal Rules of Civil Procedure, the Court may render judgment by default against any party that fails to obey an order under Rules 35, 37(a) or 26 (f).  "District courts have wide latitude in fashioning an appropriate sanction."  Monsanto Company v. Ralph, 382 F.3d 1374, 1380 (Fed. Cir. 2004) (applying Eighth Circuit law).[5]  Entering default judgment against a defendant for blatant disregard of court orders and rules is within the range of appropriate sanctions under Fed. R. Civ. P. 37.  Id. (citing Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir. 1999)).   See also Denton v. Mr. Swiss of Missouri, Inc., 564 F.2d 236, 240 (8th Cir. 1977) (finding that when a party's willfulness or bad faith is involved with the failure to make discovery, the sanction of dismissal is proper, particularly when such failure makes it impossible to determine the factual merits of claims).

In Monsanto, the district court had sanctioned the defendant after the court found the defendant had repeatedly violated court orders and had lied under oath. The court ordered that the defendant's pleadings be stricken because Monsanto, like the court, "will never have any comfort that it knows the truth, and that it can properly prepare this case for trial."  Id. at 1379.  The district court thereafter entered default judgment on liability and ordered a trial on damages.  Id.  The Federal Circuit upheld the sanctions order given the defendant's repeated willful violations of court orders, its destruction of evidence and

---

[5]The Federal Circuit applies the law of the regional circuit from which the case arose when reviewing sanction orders.  Monsanto, 382 F.3d at 1380.

subornation of perjury.  <u>Id.</u>  at 1381.  <u>See</u> <u>also</u>, <u>Chrysler Corp.</u>, 186 F.3d at 1021 (based on

defendants' conduct of withholding evidence by denying its existence, sanction of striking

the pleadings, which resulted in default judgment, was not an abuse of discretion).

In this case, Plaintiff asserts that Tomar has engaged in a willful pattern and practice

of violating court orders and of destroying evidence.  Without the imposition of sanctions,

the prejudice to Plaintiff is great.  As a result of Tomar's conduct, Plaintiff was not given the

opportunity to depose Scott Sikora as to his theories on invalidity, nor did Plaintiff have the

opportunity to submit its own expert report as to invalidity.  Further, in reliance on Tomar's

failure to submit an expert report on invalidity, Plaintiff reduced the number of asserted

claims in order to streamline the case.

There can be no question that Tomar was put on notice, pursuant to this Court's

Order dated March 28, 2007, that severe sanctions would result if Tomar continued to

violate court orders.  As outlined above, Tomar did continue to violate court orders.  In

addition, the Court finds such violations were done willfully.  Under these circumstances, the

Court is left with little choice but to strike Tomar's pleadings and enter default judgment.

Like the defendant in <u>Monsanto</u>, Tomar's conduct has undermined "[t]he integrity of this

Court and our judicial system."  <u>Id.</u> at 1379.  Furthermore, if this case were to continue, the

Court has no confidence that Tomar would finally begin to comply with Court orders, or the

Federal Rules of Civil Procedure.  Accordingly,

**IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion for Leave to File a Dispositive Sanctions Motion after the

Dispositive Motion Deadline [Doc. No. 163] is GRANTED.

2.      Plaintiff's Motion for Sanctions for Default Judgment [Doc. No. 165] is

GRANTED.

**JUDGMENT IS HEREBY ENTERED** and the Court specifically finds that:

1.      *Infringement by Basic Strobecom II System.*  Tomar has been and is directly

infringing, actively inducing others to infringe, and contributing to the

infringement of claims 22, 23, 24, 25, 26, 38, 39, 40 and/or 41 of U.S. Patent

No. 5,172,113 in violation of 35 U.S.C. § 271, by making using, selling and

offering to sell Tomar's Strobecom II Traffic Preemption Systems that

combine (1) Tomar phase selector models 2080 and/or 2140, (2) Tomar

detector models 2090 and/or 2091, and (3) Tomar emitter models 2060, 2061,

3060 and/or 3065.

2.      *Infringement by Strobecom II System with Competitive Coded Detect.*  Tomar has been

and is directly infringing, actively inducing others to infringe, and contributing

to the infringement of claims 22, 24, 26, 38 and/or 41 of U.S. Patent No.

5,172,113, in violation of 35 U.S.C. § 271, by making, using, selling and

offering to sell Tomar's Strobecom II Traffic Preemption Systems that

combine (1) Tomar phase selector models 2080 and/or 2140 (2) Tomar

detector models 2090 and/or 2091 and (3) a 3M emitter.

3.      *Validity and Enforceability of Asserted Claims.*  Claims 22, 23, 24, 25, 26, 38, 39, 40

and/or 41 of U.S. Patent No. 5,172,113 are valid and enforceable.

17

4.      Plaintiff is entitled to reasonable attorney's fees and costs incurred in filing its

opposition to Tomar's motion for summary judgment and for filing this

motion for sanctions.  Plaintiff shall submit an affidavit within ten (10) days

from the date of this Order outlining the attorney's fees and costs incurred in

bringing this motion and in responding to the summary judgment motion.

5.      The Court will schedule a hearing to address the issue of damages and

willfulness at a later date.

Date: December 27, 2007

s / Michael J. Davis
Michael J. Davis
United States District Court